IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAN BUNKERING (AMERICA), INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:19-cv-00413-WS-B |
| | ) |
| EPIC HEDRON *in rem*, EPIC DIVING & MARINE SERVICES, LLC, *in personam*, EPIC COMPANIES, LLC *in personam*, | ) ) ) ) |
| | ) |
|     Defendants. | ) |

## VERIFIED COMPLAINT IN INTERVENTION

The Verified Complaint of plaintiff-in-intervention, Taylors International Services, Inc. ("Taylors"), against M/V HEDRON, her engines, tackle, and appurtenances, *in rem*, in causes of breach of maritime contract and foreclosure of maritime liens, respectfully represents as follows:

### Jurisdiction

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and the Federal Maritime Lien Act, 46 U.S.C. § 31301, *et seq.* Taylors is entitled to intervene as of right according to Rule 24(a) of the Federal Rules of Civil Procedure.

### Parties

2. Plaintiff-Intervenor, Taylors, is a corporation organized and existing under the laws of the State of Nevada, having is principal place of business at Lafayette, Louisiana. Taylors owns and operates a catering and contract labor service for the provision of food at

{04960822.1}

remote locations, including offshore, and it furnished pre-arrest necessaries to the M/V HEDRON, now within this District.

3.      M/V HEDRON (hereinafter the "HEDRON") is a 394 foot derrick barge that has accommodations for 300 people, that is now or will be during this action within this District and the jurisdiction of this Court.

4.      EPIC Offshore Specialty, LLC ("EPIC") is a foreign limited liability company that is not registered to do business in Alabama.

## Facts

5.      At the request of EPIC and/or the owner or charterer of the HEDRON or its authorized agent, Taylors provided necessaries to the HEDRON commencing February 1, 2017. Specifically, Taylors provided catering, janitorial/housekeeping services, and other contract labor to EPIC pursuant to a Master Catering Services Agreement.[1] Copies of Taylors's invoices for its services in the principal amount of $646,680.77 are attached and incorporated as composite Exhibit B.[2] Taylors reserves the right to amend and supplement its claim to include additional ongoing and accruing unpaid invoiced amounts.

6.      The foregoing pre-arrest catering services provided by Taylors to the HEDRON were necessary for the operations of the HEDRON in its ordinary trade, and have a fair market value in the total principal amount of $642,680.77 and as well in the further amounts of

---

[1] The Master Catering Services Agreement was entered into on February 10, 2017 between Taylors and TETRA Technologies, Inc. ("TETRA"), and was accompanied by a more specific Service & Supply Agreement for Catering Services governing services for the HEDRON. On March 1, 2018, Taylors received a notification from EPIC that it had acquired TETRA's offshore services division and would accede to the rights and obligations of TETRA under the Master Services Agreement. The Master Services Agreement, the Service & Supply Agreement for Catering Services, and EPIC's acknowledgment letter of March 1, 2018 are attached hereto as composite Exhibit A and are referred to herein collectively as the "Agreement."

[2] EPIC made a payment of $102,978.74 toward Invoice No. 40718, leaving an unpaid balance of $14,556.00 on that invoice.

additional invoices that have been, or may become issued, for services rendered to the HEDRON (exclusive of interest and costs), none of which has been paid despite amicable demand.

7. EPIC has failed to make payment to Taylors for such catering services.

8. As shown by the attached Verifying Affidavit, the foregoing allegations are true and correct and within the admiralty jurisdiction of this Court.

9. Pursuant to the general maritime law and the Federal Maritime Lien Act, Taylors has one or more maritime liens against the HEDRON totaling $642,680.77, plus additional ongoing and accruing amounts due, pre-judgment and post-judgment interest, costs, and collection expenses.

10. Pursuant to the provisions of the Federal Maritime Lien Act, Taylors is entitled to have this Court recognize its lien(s) against the HEDRON and is entitled additionally to judgment against the vessel in the full amount of its claims, plus interest and costs.

11. As a result of EPIC's refusal to pay Taylors the sums owed as aforementioned, Taylors is entitled to judgment against the M/V HEDRON in the amount of its claims, plus interest and costs, and to have the M/V HEDRON, her engines, tackle and apparel, seized and sold by the United States Marshal, or other person authorized by the Court, to satisfy these claims and said lien(s) asserted herein by Taylors. Taylors further avers that it is entitled to the first monies received from said seizure and sale following satisfaction of the expenses of the legal administration of the vessel while *in custodia legis*.

WHEREFORE, Intervenor, Taylors International Services, Inc., prays that citation be issued and served upon the M/V HEDRON, her engines, tackles and apparel, in the form and manner prescribed by law and that all persons claiming an interest in said vessel may be cited to appear and answer the matters aforesaid, and that, after due proceedings are had, judgment be

entered against the M/V HEDRON and in favor of Taylors International Services, Inc. in the sum of $642,680.77 and all additional sums due, plus interest and costs.

Taylors further prays that the M/V HEDRON, her engines, tackle and apparel, be seized, condemned and sold to pay such sums, and for such other general and equitable relief as this Honorable Court deems proper.

Respectfully submitted,

/s/ *Jaime W. Betbeze*
Thomas S. Rue (RUETH8241)
Jaime W. Betbeze (BETBJ5982)
Attorneys for Plaintiff-Intervenor,
  Taylors International Services, Inc.
11 N. Water Street, Suite 24290
Mobile, Alabama  36602
Telephone:  (251) 432-0001
Facsimile:  (251) 432-0007
E-mail:  true@maynardcooper.com
         jbetbeze@maynardcooper.com

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

    Jamie Tarpley, being duly sworn, deposes and says:

    I am the Executive Vice President and Chief Financial Officer of the Plaintiff herein. I have read the foregoing complaint and note the contents thereof and that same is true to the best of my knowledge, information, and belief.

_____
Jamie Tarpley

SUBSCRIBED AND SWORN TO
before me on this 26th day of
July, 2019.

_____
NOTARY PUBLIC
State of Louisiana, Parish of Lafayette
My Commission Expires: upon my death

{04960822.1}                                    5

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 26th day of July, 2019 filed a copy of the foregoing pleading with the Clerk of the Court via the CM/ECF Filing System which will automatically forward an electronic copy of same to all counsel of record.

/s/ *Jaime W. Betbeze*