UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DAN BUNKERING (AMERICA) INC., <br> Plaintiff, <br> v. <br><br> EPIC HEDRON *in rem* <br> EPIC DIVING & MARINE SERVICES LLC *in personam* <br> EPIC COMPANIES, LLC *in personam* | CIVIL ACTION <br> NO. 19-00413 <br><br> JUDGE WILLIAM H. STEELE <br> MAGISTRATE SONJA F. BIVINS |

<u>**SHIP RELEASE BOND**</u>    Bond No. N-7002391

This bond is furnished in place and stead of the EPIC HEDRON, now under arrest pursuant to the process of this Court in order to secure the <u>in rem</u> liability, if any, of the EPIC HEDRON to Intervenor and its assignees and principals, and in order to obtain release of the aforesaid EPIC HEDRON now under arrest:

A claim having been asserted <u>in rem</u> by Intervenor, Taylors International Services, Inc. ("Taylors") against the EPIC HEDRON, her engines, boilers, tackle, etc., wherein Taylor asserts a claim in the amount of SIX HUNDRED FORTY-TWO THOUSAND SIX HUNDRED EIGHTY AND 77/100 ($642,680.77) DOLLARS, on account of invoices allegedly due for catering, janitorial/housekeeping services allegedly provided to the EPIC HEDRON, and which form the subject matter of the above entitled action, and a warrant for the arrest of the vessel having been issued from the United States District Court for the Southern District of Alabama, Southern Division.

NOW THEREFORE, the Indemnity National Insurance Company, authorized to execute undertakings within the State of Alabama, hereinafter referred to as the surety, is firmly bound to Taylor in an aggregate amount, not exceeding the sum of NINE HUNDRED SIXTY-FOUR THOUSAND, TWENTY-ONE AND 15/100 ($964,021.15) DOLLARS (inclusive of interest and allowable statutory costs as hereinafter provided), under the following terms, conditions and amounts:

1. In the event a final judgment (after appeal, if any), is entered against the said vessel, the surety agrees to pay and satisfy such judgment in an amount up to and not exceeding NINE HUNDRED SIXTY-FOUR THOUSAND, TWENTY-ONE AND 15/100 ($964,021.15) DOLLARS (inclusive of interest and allowable statutory costs).

2. In the event that the claim of Taylors is settled by compromise with vessel's claimant, and such settlement is confirmed in writing as final by James Rebarchak, Jones Walker LLP, 11 N. Water Street, Mobile, Alabama 36602, or by stipulation of the parties' attorneys made in order of the court, then the surety agrees to pay the amount of the settlement so confirmed not exceeding the sum of NINE HUNDRED SIXTY-FOUR THOUSAND, TWENTY-ONE AND 15/100 ($964,021.15) DOLLARS (inclusive of interest and allowable statutory costs).

Epic Applied Technologies, LLC, as Principal:

BY: *[signature: James Rebarchak]*
James Rebarchak, Counsel for Epic Applied Technologies, LLC

Indemnity National Insurance Company, as Surety:

BY: *[signature: Theresa Pickerell]*
Theresa Pickerell, Attorney-in-Fact

{N3864848.1}

**Indemnity National Insurance Company**
238 Bedford Way
Franklin, TN 37064

# Power of Attorney

KNOW ALL PERSONS BY THESE PRESENTS: that Indemnity National Insurance Company, a Mississippi corporation, (hereinafter the "Company"), does hereby constitute and appoint: __Brook T. Smith, William R. Precious, Sandra L. Fusinetti Mark Guidry, Susan Ritter, Sheryon Quinn and Theresa Pickerrell__ of __Louisville, Kentucky__ to be its true and lawful Attorney-in-Fact, with full power and authority hereby conferred to sign, seal, and execute on its behalf surety bonds or undertakings and other documents of a similar nature issued in the course of its business up to a penal sum not to exceed __Two Million and 00/100 Dollars*************** ($2,000,000.00)__ each, and to bind the Company thereby as fully and to the same extent as if the same were signed by the duly authorized officers of the Company.

This appointment is made under and executed pursuant to and by authority of the following Minutes of Special Actions Taken by Written Consent of the Board of Directors, which is now in full force and effect:

Authorization to Appoint Attorneys-in-Fact and the Use of Facsimile Signatures and Facsimile Seals for the Purpose of Issuing Bonds:

RESOLVED: That the president or any vice president may appoint attorneys-in-fact or agents with authority as defined or limited in the instrument evidencing the appointment in each case, for and on behalf of the Company to execute and deliver and affix the seal of the Company to bonds and related obligatory certificates and documents; and any one of said officers may remove any such attorney-in-fact or agent and revoke any power previously granted to such person, whether or not such officer appointed the attorney-in-fact or agent.

RESOLVED: That any bonds and related obligatory certificates and documents shall be valid and binding upon the Company,
(i) when signed by the president, or any vice president, and sealed with the Company seal; or
(ii) when duly executed and sealed with the Company seal by one or more attorneys-in-fact or agents pursuant to and within the limits of authority evidenced by the power of attorney issued by the Company to such person or persons a certified copy of which power of attorney must be attached thereto in order for such obligation to be binding upon the Company.

RESOLVED: That the signature of any authorized officer and the seal of the Company may be affixed to any power of attorney or certification thereof authorizing the execution and delivery of any bonds and related obligatory certificates and documents of the Company and such signature and seal then so used shall have the same force and effect as though manually affixed.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Indemnity National Insurance Company has been affixed thereto in Lexington, Kentucky this 6th day of November, 2017.

**Indemnity National Insurance Company**

By _____
Thomas F. Elkins, President

State of Kentucky
County of Fayette

On this 6th day of November, 2017, before me, a Notary Public, personally came Thomas F. Elkins, to me known, and acknowledged that he is President of Indemnity National Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Indemnity National Insurance Company thereto with the authority and at the direction of said corporation.



By _Deborah A. Murphy_
Notary Public

My Commission Expires 09/26/2021

**CERTIFICATE**

I, James E. Hart, Secretary of Indemnity National Insurance Company, do hereby certify that the foregoing Power of Attorney is still in full force and effect, and further certify that the Minutes of Special Actions Taken by Written Consent of the Board of Directors are now in full force and effect.

IN TESTIMONY WHEREOF I have subscribed my name and affixed the seal of said Company. Dated this __7th__ day of __August__, 20__19__



By _____
James E. Hart, Secretary